J-A04019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.J.K. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| N.E.K. | : | No. 1263 MDA 2022 |

Appeal from the Order Entered August 5, 2022
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-15-06455

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:　　　　　**FILED: APRIL 4, 2023**

Appellant, J.J.K. ("Father"), appeals *pro se* from the order entered by the Lancaster County Court of Common Pleas on August 5, 2022.[1] He challenges the court's denial of his petition for primary custody of his children. After careful review, we affirm.

**A.**

Father and Appellee, N.E.K. ("Mother"), are the parents of J.A.K., born in 2008, and J.R.K., born in 2010 ("Children"). Since their separation in 2015, the parties have shared legal and physical custody of the Children, while engaging in substantial custody litigation over which the current trial court

---

[1] While the trial court's docket utilized the parents' names, the parties used their initials on their briefs to this Court. We have changed the caption to the parties' initials to prevent the identification of the children. Pa.R.A.P. 904(b)(2); Super. Ct. I.O.P. 65.44(B).

judge has presided. Father is an attorney, who has represented himself in the litigation.

Several of the custody disputes, including the current one, have involved the Children's multiple athletic activities, with which Father is heavily involved. In its most recent order addressing this issue, the court allowed the Children to "participate in extracurricular activities if both parents agree on the activity, which consent shall not be unreasonably withheld."[2]

The prior litigation also addressed Mother's alcohol use, which had been problematic and concerning to the Children. In June 2020, the trial court prohibited both parents from consuming alcohol immediately prior to and during custody periods. On appeal, however, this Court concluded that the record did not support application of the no-alcohol provision to Father.[3]

On October 20, 2021, Father filed a Petition for Contempt/Special Relief/Modify Custody, which is the basis of the current appeal. He alleged that Mother violated the no-alcohol provision and had driven the Children while intoxicated. Father sought primary physical custody. In response, on October 25, 2021, the court ordered Mother to test with a breathalyzer immediately prior to and during her custody for ninety days. The court subsequently found that Mother complied with this order without incident.

---

[2] Tr. Ct. Order, 6/12/2020, at V.A. ("June 2020 Order").

[3] This Court vacated the application of the no-alcohol provision to Father but denied relief on his twelve other issues. *J.J.K. v N.E.K*, 256 A.3d 24 (Pa. Super. 2021) (unpublished memorandum).

On January 13, 2022, Mother filed a contempt petition, asserting that Father interfered with her custody. She alleged that Father surreptitiously arranged on at least three days to pick up J.A.K. during her custody period, and, without her consent, take the eighth grader to early morning film sessions with the high school football team. Mother also averred that Father unsuccessfully applied to hold the Children back for the 2021/2022 school year, pursuant to Pennsylvania's Act 66 in response to the COVID-19 pandemic. Mother claimed Father applied to this program without her consent to "gain tactical advantage athletically[.]"[4]

Father filed his own contempt petition on January 18, 2022, alleging that Mother unreasonably withheld consent for J.A.K. to attend the film sessions in violation of the June 2020 Order. On January 21, 2022, the court ordered Mother to permit J.A.K. to attend the film sessions and ordered Father to provide transportation if needed.

In July 2022, the trial court presided over hearings addressing the parties' contempt petitions and Father's petition for primary custody. During the hearing, the trial judge spoke to the Children individually *in camera*, where they indicated their preference to spend more time with Father.

On August 5, 2022, the trial court entered its order addressing the contempt petitions and the custody schedule ["August 2022 Order"]. The court found both parties in contempt for violating the no-alcohol provision.

---

[4] Mother's Petition for Contempt of Custody Order dated June 11, 2020, 1/13/22, at ¶ 24.

Subsequently, however, the court acknowledged that the no-alcohol provision applied only to Mother. The court additionally held Father in contempt for interfering with Mother's custody when he drove J.A.K. to the football film sessions without her consent, which the court found Mother had not unreasonably withheld.

Turning to Father's petition for primary custody, the court concluded that it was in the best interest of the Children to continue with shared legal and physical custody, after considering each of the statutorily required custody factors. Broadly, the court observed that the Children were "doing well under the current schedule," and benefited from the parties' "different parenting styles[.]"[5] Moreover, the court found that "reducing Mother's custodial time would not be in the best interest of the Children and would likely serve to marginalize her in the lives of the [C]hildren."[6] Accordingly, the court denied Father's request for primary custody.

Father filed his Notice of Appeal on September 2, 2022. The trial court and Father complied with Pa.R.A.P. 1925. Before this Court, Father presents the following questions:

> 1. Whether the [t]rial [c]ourt erred and abused its discretion by heavily relying on Father's alleged no-alcohol condition from its June 12, 2020 Order, as evidenced by it being underlined twice in the Trial Court Opinion, and even finding Father in contempt of

---

[5] Tr. Ct. Op., 8/5/22, at 6, 8.

[6] *Id.* at 11.

said Order, despite that condition being vacated previously by the Superior Court on appeal?

2. Whether the [t]rial [c]ourt erred and abused its discretion by ignoring the admittedly well-reasoned preferences of 14 year old and 12 year old children and by ignoring the concerns of the Children as they relate to their time at Mother's house, and instead ambiguously finding that Father "more than likely not" indirectly, maybe unintentionally, demeaned Mother's authority, thereby leading the [t]rial [c]ourt to find the Children's preferences and testimony had been influenced by Father, despite stating on the record the Children were not influenced and even allotting time for the parties to agree upon a primary custody schedule for Father after the testimony of the Children?

3. Whether the [t]rial [c]ourt erred and abused its discretion in finding that Factor 8 favored Mother because Father took [J.A.K.] to football film sessions over Mother's objections despite the [t]rial [c]ourt signing an Order stating that "[J.A.K.] shall be permitted to attend morning film sessions with the football team at 7 a.m. during Mother's periods of physical custody if [J.A.K.] so desires. Father shall provide transportation if Mother is unable to provide transportation or if arrival by bus is too late."?

4. Whether the [t]rial [c]ourt erred and abused its discretion in concluding Factor 10 slightly favored Mother where the Children testified otherwise and the [t]rial [c]ourt completely incorrectly stated Father's desire to hold back the Children as wholly for athletic reasons, where all evidence produced at the hearing showed Father had academic and emotional reasons for holding back the Children through Pennsylvania's implementation of Act 66 in response to the COVID-19 pandemic?

5. Whether the [t]rial [c]ourt erred and abused its discretion by failing to award Father primary physical custody where such an award was supported by the record?

Appellant's Br. at 23-24.

**B.**

Father contends that the trial court erred and abused its discretion in denying him primary custody of the Children. This Court reviews custody determinations for abuse of discretion, and our scope of review is broad.

***S.W.D. v. S.A.R***., 96 A.3d 396, 400 (Pa. Super. 2014). While we must accept the trial court's findings if supported by the record, we are not bound by the court's "deductions or inferences from its factual findings." ***Id.*** "On issues of credibility and weight of the evidence, we defer to the findings of the trial judge who has had the opportunity to observe the proceedings and demeanor of the witnesses." ***K.T. v. L.S.***, 118 A.3d 1136, 1159 (Pa. Super. 2015) (citation omitted). "We may reject the conclusions of the trial court only if they involve an error of law[] or are unreasonable in light of the sustainable findings of the trial court." ***Graves v. Graves***, 265 A.3d 688, 693 (Pa. Super. 2021) (citation omitted).

In all custody determinations, the best interest of the child is paramount. ***Id.*** at 698. "In a dispute between parents, each parent shares the burden of proving, by a preponderance of the evidence, that an award of custody to him or her would serve the best interests of the child." ***Id.*** (citation omitted). The trial court "shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child," including the seventeen factors mandated by the Custody Act. 23 Pa.C.S. § 5328(a). The court must "delineate the reasons for its decision[.]" ***Id.*** § 5323(d).

**C.**

Father first faults the trial court for finding him in contempt for violating the no-alcohol provision of the June 2020 Order, which applied only to Mother. While Father recognizes that the trial court subsequently acknowledged its

error in applying the no-alcohol provision to him, he contends that the court's error during the hearing made it "impossible" for the court to evaluate his case properly. Appellant's Br. at 30.

The trial court acknowledged in its Rule 1925(a) Opinion that it erred in finding Father in contempt for consuming alcohol in front of the Children but rejected Father's assertion that it "heavily rel[ied]" on its error in rendering its custody determination. Tr. Ct. Op., 10/3/22, at 2. Moreover, the court emphasized that it fined Father not for alcohol use but for custody interference related to the football film incidents. *Id*. We agree that, although the trial court misspoke in its initial opinion, it acknowledged its error in its Rule 1925(a) Opinion and clarified its findings. Appellant's claim that the court's error impacted its judgment throughout the custody proceeding is belied by the record, which shows that the court conducted a thorough assessment of the best interests of the Children through proper consideration of the statutory factors. Accordingly, no relief is due.

Relatedly, Father also contends that the trial court abused its discretion in minimizing Mother's alcohol issues, arguing that the court should have found Factor 14 of Section 5328(a), addressing drug and alcohol abuse, to weigh against Mother. He alleges a "pattern" whereby Mother "cleans up the drinking issues as a hearing approaches." Appellant's Reply Br. at 6.

The trial court rejected Father's suggestion that it minimized Mother's alcohol use, emphasizing that it mandated her use of the breathalyzer in its October 2021 Order and held her in contempt for her drinking. Tr. Ct. Op.,

10/3/22, at 3-4. While acknowledging that Mother's alcohol use had been concerning to the Children, the court highlighted that the Children had not reported incidents of Mother's drinking since the October 2021 Order, which was eight months prior to the hearings.

After review of the record, it is clear that the trial court acknowledged the effect of Mother's alcohol use on the Children but, nevertheless, determined that the best interests of the Children would be better served by maintaining shared custody, in light of the other factors and Mother's recent behavior. We conclude that the court did not abuse its discretion in so concluding.

**D.**

Turning to Factor 7, addressing the Children's preferences, Father asserts that the trial court erred in ignoring the Children's preference to spend more time with him. Appellant's Br. at 34-35 (citing N.T., 7/13/22, at 9, 15, 18, 30). He emphasizes that the Children explained their preference by noting Father's support of their athletics, the more active lifestyle and their ability to spend time with their younger half-siblings at Father's house, and concerns related to Mother's past drinking. Father argues that the court should have placed greater weight on the Children's strong preferences given their ages and maturity. *Id.* at 44 .

Father additionally faults the trial court for finding that he influenced the Children's custody preferences by "indirectly demean[ing] and minimiz[ing] Mother's authority and concerns." *Id.* at 38 (quoting Tr. Ct. Op., 8/5/22, at

7). He asserts that these findings conflicted with the court's conclusion that neither of the parties "specifically told [the Children] what to tell" the court. *Id.* (citing N.T., 7/13/22, at 45).

We conclude that the trial court did not abuse its discretion regarding Factor 7. Recognizing that the Children expressed their "well-reasoned" preference to spend more time with Father, the court expressed its concern that the preference may have been influenced by Father's actions. The court opined that Father's behavior had the effect of "marginaliz[ing] Mother's role in the lives of their Children through actions some may consider bullying or the force of his personality." Tr. Ct. Op. 10/3/22, at 2. Upon review of the record, we conclude that the trial court's analysis does not indicate that it abused its discretion, especially considering the court's ability to observe the family dynamics and the demeanor of the parties over several years.

**E.**

In his third issue, Father challenges the trial court's analysis of Factor 8, which relates to "attempts of a parent to turn the Children against the other parent." Appellant's Br. at 46; 23 Pa.C.S. § 5328(a)(8). He rejects the trial court's reliance on the football film session incidents to weigh this factor against him, noting that the court ultimately allowed J.A.K. to attend the sessions. He argues that the court should have viewed these incidents not as an attempt to turn the Children against Mother but as an attempt to provide an opportunity for J.A.K. Appellant's Br. at 50.

Our review of the record supports the trial court's determination. The court opined that Father's decision to pick up J.A.K. without Mother's consent "shows a disregard for Mother's parental authority that disparaged her in the eyes of the Children[.]" Tr. Ct. Op., 8/5/22, at 7. We find the court's analysis reasonable, given Father's blatant undermining of Mother's authority by conspiring with their son to violate her decision.

**F.**

Father contends, in his fourth issue, that the trial court abused its discretion in weighing Factor 10, which requires consideration of whether one parent "is more likely to attend to the daily physical, emotional, developmental, educational[,] and special needs of the child." Appellant's Br. at 56; 23 Pa.C.S. § 5328(a)(10). Father faults the court for weighing this factor against him based upon his filing to hold the Children back in school for the 2021/2022 school year. Father asserts that the trial court incorrectly stated that he desired to hold the Children back solely for athletic advantage, when "evidence produced at the hearing showed Father had academic and emotional reasons" for the application." Appellant's Br. at 51. He cites to text messages entered into evidence at the hearing indicating J.A.K.'s desire to repeat the year as well as Father's concerns related to SAT scores and J.A.K.'s ability to take Algebra.[7] *Id.* at 52-54.

_____

[7] Father also argues that he better supported the Children's emotional, developmental and education needs, asserting that they were happier and
*(Footnote Continued Next Page)*

In addressing Factor 10, the trial court found that "[b]oth parties are equally likely to attend" to the Children's needs. Tr. Ct. Op., 8/5/22, at 8. The court, however, found this factor to favor Mother "slightly" based upon Father's Act 66 application, which it viewed as being solely motivated by seeking athletic advantage. The court stated that there was "no evidence presented" that this action would benefit the Children "academically or emotionally." *Id.*

Our review confirms that there was evidence presented at the hearing which referenced academic as well as athletic reasons for the Act 66 application. *See* N.T., 7/15/22, 176-77. The court's misstatement, however, does not undermine its assessment of this factor as "slightly" favoring Mother nor its weighing of this factor in conjunction with the other factors to conclude that it is in the Children's best interests to continue a shared custody arrangement.[8] Accordingly, no relief is due.

**H.**

In his final issue, Father reiterates the arguments presented above, generally contesting the trial court's assessment of the Children's best

_____

more involved at his house. He emphasizes that J.R.K. made suicidal statements when at Mother's house, allegedly due in part to her drinking. *Id.* at 51, 56.

[8] The trial court found ten factors which did not apply or favored neither party, while it found two factors favored shared custody, with only one factor slightly favoring Father, one factor favoring Mother, and another slightly favoring Mother. Although the court did not explicitly designate which party Factor 7 favored, its thorough assessment of that factor supports shared custody, as discussed above.

- 11 -

interests, which he believes favor granting him primary custody. In accordance with our well-established standard of review, we decline to reweigh the trial court's thorough assessment of the Section 5328(a) factors, which is supported by the record. ***See Graves***, 265 A.3d at 693. Accordingly, we conclude that Father did not demonstrate that the trial court erred or abused its discretion in denying him primary custody of the Children in its August 2022 Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2023